# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 4:14-CR-00278 |
| | | |
| v. | | (Chief Judge Brann) |
| | | |
| JOSE CALDERA, | | |
| | | |
| Defendant. | | |

### MEMORANDUM OPINION

### AUGUST 30, 2024

In 2015, Defendant Jose Caldera was sentenced to a sentence of 262 months' imprisonment for Murder in the Second Degree in violation of Title 18 U.S.C. § 1111.[1] Caldera filed a motion to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines in May 2024.[2] His motion for a sentence reduction is granted, but his sentence will only be reduced to the top of the amended guideline range.

Title 18 U.S.C. § 3582(c)(2) provides that where the sentencing range applicable to a defendant's term of imprisonment is subsequently lowered by the Sentencing Commission, a court may reduce a defendant's term of imprisonment after considering the factors set forth in section 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1]    Judgment, Doc. 31.
[2]    Motion to Reduce Sentence RE: Amendment 821, Doc. 37.

Commission.[3] That section sets out a two-step process: "A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, in whole or in part, according to the factors set forth in § 3553(a)."[4]

Amendment 821 to the United States Sentencing Guidelines Manual ("U.S.S.G.") modified the assessment of criminal history points in a specific scenario. Previously, a defendant received two additional criminal history points for committing an offense while under a criminal justice sentence, commonly referred to as "status points."[5] The new guidelines, released November 2023, only impose one status point for committing an offense while under a criminal justice sentence, and only if the defendant received seven or more points under U.S.S.G. §4A1.1(a)–(d).[6] The Commission further determined that Amendment 821 would apply retroactively to incarcerated defendants.[7]

Here, both Caldera and the Government agree that Caldera is eligible for a sentence reduction under Amendment 821.[8] Caldera received two status points under then-existing Section 4A1.1(d) at the time of sentencing, but due to having only three criminal history points, would not receive any status points under the

---

3   18 U.S.C. § 3582(c)(2).
4   *Dillon v. United States*, 560 U.S. 817, 826 (2010).
5   U.S.S.G. §4A1.1(d) (U.S. Sentencing Comm'n 2021).
6   U.S.S.G. §4A1.1(e) (U.S. Sentencing Comm'n 2023).
7   U.S.S.G. §1B1.10(d) (U.S. Sentencing Comm'n 2023).
8   Brief in Support, Doc. 38 at 4; Brief in Opposition, Doc. 41 at 4.

now-existing Section 4A1.1(e). With 3 instead of 5 criminal history points, Caldera's criminal history category would decrease from III to II, and his corresponding guideline sentencing range would decrease from 210–262 months to 188–235 months.

Turning to the Section 3553(a) factors, the parties disagree as to how Caldera should be resentenced under the new guideline range. The Government notes that due to the seriousness of his offense, Caldera was originally sentenced to 262 months, a term of imprisonment at the top of the previous guideline range of 210–262 months.[9] It therefore states that "the appropriate reduction is 235 months," which would be at the top of the amended guideline range.[10] Caldera disagrees, maintaining that his rehabilitation efforts since incarceration justify a reduction to the bottom of the amended guideline range.[11] Caldera notes his participation in the Step Down Program and individual therapy sessions, employment as an orderly, and participation in various recreational programs and educational courses.[12]

The Court appreciates Caldera's continued rehabilitative efforts since his initial sentencing in 2015. However, I ultimately agree with the Government that the evaluation of the Section 3553(a) factors remains unchanged here. Caldera's

---

[9]   Brief in Opposition, Doc. 41 at 2.
[10]  *Id.* at 1.
[11]  Reply Brief, Doc. 42 at 2.
[12]  Brief in Support, Doc. 38 at 4–5.

participation in rehabilitative programming does not change the seriousness of his conviction for murder, or the corresponding need for his sentence to continue to afford adequate deterrence to criminal conduct and protect the public from further crimes. Indeed, as reflected by Caldera's exhibits, he had already begun participating in some rehabilitative and educational programming prior to his commission of the instant offense in 2010.[13] So if Caldera were sentenced today, this Court would still sentence him at the top of the guideline range.

Were this Court so inclined, it could deny Caldera any sentence reduction at all.[14] However, given the Government's agreement that a reduction to 235 months would be appropriate, as well as Caldera's rehabilitative efforts, the Court will still grant Caldera the benefit of Amendment 821 and reduce his sentence to 235 months. Accordingly, Defendant Jose Caldera's Motion to Reduce Sentence (Doc. 37) will be granted, and Caldera's sentence will be reduced to a term of imprisonment of 235 months.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[13]   *See generally* Exhibit(s) A, Doc. 37-1.

[14]   *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."); *United States v. Styer*, 573 F.3d 151, 154–55 (3d Cir. 2009) (district court may decline to grant a reduction under 3553(a) based on nature of defendant's original criminal conduct).